UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| COLSON & COLSON GENERAL CONTRACTOR, INC., <br>     Plaintiff, <br><br> v. <br><br> FROSTY'S DECKS & RAILS, INC., <br>     Defendant <br><br> v. <br><br> HESI ENTERPRISES, LLC; <br> CLEVELAND'S ROOFING, LLC; <br> QUALITY FRAMING RSR CONSTRUCTION, LLC; <br> MIGUEL TRUJILLO D/B/A DML INSULATION, <br>     Third-Party Defendants. | § § § § § § § § § § § § § § § § § § | Civil Action No. 4:20-CV-00562-SDJ |

**FROSTY'S DECKS & RAILS, INC.'S RESPONSE TO THIRD-PARTY DEFENDANT QUALITY FRAMING RSR CONSTRUCTION, LLC'S MOTION TO DISMISS**

**TO THE HONORABLE JUDGE OF SAID COURT:**

**COMES NOW**, Defendant/Third-Party Plaintiff Frosty's Decks and Rails, Inc. ("Frosty's"), and files this response in opposition to Third-Party Defendant Quality Framing RSR Construction, LLC's ("Quality") Motion to Dismiss. In furtherance thereof, Frosty's would respectfully show the Court as follows:

**I.
STATEMENT OF THE ISSUES**

1. Whether Quality properly challenges Frosty's Third Party Complaint under Rule 12(b)(6); if so, whether Frosty's Complaint states a claim against Quality upon which relief can be granted.

2. Whether Quality waived its purported challenge to personal jurisdiction by failing to plead it; and if not, whether this Court has personal jurisdiction over Quality when Quality admits it entered a contract to perform services at a commercial property located in Texas and that property and Quality's work in Texas are the subject of this lawsuit and Frosty's claims.

## II.
## RELEVANT BACKGROUND

1. This lawsuit arises out of alleged construction deficiencies at the Allen Retirement Center, located at 680 N. Watters Rd., Allen, Texas 75013 (the "Property").

2. Plaintiff Colson & Colson General Contractor, Inc. ("Colson") was the general contractor hired to perform construction services at the Property.

3. Colson contracted with Frosty's to install certain waterproofing materials on certain balconies, decks, awnings, and safety railings at the Property.

4. Colson contracted with Quality to construct and/or frame the Property, including but not limited to the balconies, decks, and awnings. Quality admits this fact. Dkt. 29 at ¶ 15.

5. Colson claims it sustained damages as a result of water intrusion events at the Property. Colson sued Frosty's for those alleged damages. But Frosty's contends the alleged damages were caused by the negligence of other subcontractors, including Quality.

6. Frosty's filed a Third-Party Complaint, asserting contribution claims against Quality (and others) and alleging that Quality failed to properly construct or frame the Property and that such failure(s) caused the damage claimed by Colson. Dkt. 17 at ¶¶ 20, 25.

7. On April 16, 2021, Quality filed an answer to Frosty's Third-Party Complaint and failed to assert any objection or affirmative defense of lack of personal jurisdiction. Dkt. 29.

8. On July 13, 2021, Quality filed a Motion to Dismiss Frosty's claims under Rule 12(b)(6) and Rule 12(b)(2). Dkt. 52. Frosty's respectfully requests the Court deny Quality's Motion in its entirety because it has no basis in law or fact.

### III.
### QUALITY'S 12(B)(6) MOTION IGNORES FROSTY'S COMPLAINT.

**A. Applicable Law**

The Federal Rules of Civil Procedure require that each claim in a complaint include "a short and plain statement . . . showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2). The claims must include enough factual allegations "to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007). Thus, "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009) (quoting *Twombly*, 550 U.S. at 570). The Court must accept as true all well-pleaded facts contained in the plaintiff's complaint and view them in the light most favorable to the plaintiff. *Baker v. Putnal*, 75 F.3d 190, 196 (5th Cir. 1996).

**B. Application of Law**

Quality's Motion to Dismiss is misguided. It addresses only allegations made in Plaintiff's Original Complaint and wholly ignores Frosty's Third-Party Complaint and the allegations therein. Dkt. 52 at ¶¶1-2. Instead of challenging Frosty's pleading, which asserts a contribution claim against Quality, Quality attacks Plaintiff's pleading, which, of course, asserts only a claim against Frosty's. Quality's position is untenable and has no basis in law. For this reason alone, Quality's 12(b)(6) Motion should be denied.

In an abundance of caution, Frosty's addresses the adequacy of its pleading. Frosty's allegations must be taken as true. As against Quality, Frosty's alleges:

> 18. Colson contracted with Quality Framing to construct and/or frame the Property, including but not limited to the balconies, decks, awnings, and safety railings.
>
> . . . .
>
> 20. However, the alleged damages that Colson seeks to recover from Frosty's were caused in whole or in part by the work performed and/or negligent acts or omissions of each Third-Party Defendant.
>
> . . . .
>
> 25. Quality Framing failed to properly construct and/or frame the Property, including but not limited to the windows, balconies, decks, and awnings. Quality Framing's negligence in performing the framing work at the Property caused the water intrusion events and damages claimed by Colson.
>
> . . . .
>
> 27. In the unlikely event that, as Colson contends, the damages alleged by Colson were due to materials, construction, and/or repair deficiencies, then this is the direct or proximate result of the manner in which each Third-Party Defendant performed its work on the Property.

Dkt. 17 at ¶¶ 18, 20, 25, 27. The above allegations plainly state the basis for Frosty's contribution claim against Quality: Quality failed to properly construct or frame the Property, including but not limited to the windows, balconies, decks, and awnings. That failure caused some or all the damages sought by Colson.

And again, <u>Quality does not challenge the sufficiency of Frosty's allegations to state a claim</u>. Quality argues that it "did not perform any waterproofing work" and was not negligent in its work on the Project. Dkt. 52 at ¶2. But these are matters outside of the pleadings that Quality makes no attempt to prove. Quality's 12(b)(6) Motion to Dismiss must be denied.

Alternatively, in the event the Court is inclined to grant Quality's motion, Frosty's requests and should be afforded an opportunity to re-plead.

## IV.
## THIS COURT HAS SPECIFIC PERSONAL JURISDICTION OVER QUALITY.

First, Frosty's objects to Quality's Motion under 12(b)(2) as untimely, procedurally improper, and waived. Quality failed to lodge any objection to personal jurisdiction or plead an affirmative defense of personal jurisdiction in its original and live answer. Dkt. 29. As such, Quality cannot now maintain a motion to dismiss for lack of personal jurisdiction. FED. R. CIV. P. 12(b), 12(h)(1)(B).

Frosty's alleges <u>*and Quality admits*</u> that Quality contracted with Colson to perform work at the Property—which is located at 680 N. Watters Rd., Allen, Texas 75013. Dkt. 17 at ¶¶ 12-13, 18; Dkt. 29 at ¶ 15. This suit arises out of and relates to Quality's work at the Property in Texas. Dkt. 17 at ¶¶ 20, 25-27. This is textbook specific jurisdiction. *See, e.g.*, *Ford Motor Co. v. Mont. Eighth Judicial Dist. Court*, 141 S. Ct. 1017, 1024-25 (2021). Quality's 12(b)(2) Motion to Dismiss must be denied.

**WHEREFORE, PREMISES CONSIDERED,** Defendant/Third-Party Plaintiff Frosty's Decks & Rails, Inc. respectfully requests that the Court deny Third-Party Defendant Quality Framing RSR Construction, LLC's Motion to Dismiss in its entirety and for such other and further relief at law or in equity, to which Frosty's may show itself to be justly entitled.

Dated: <u>July 27, 2021</u>.

Respectfully submitted,

By */s/ Helen H. Emerson*
**David A. Johnson**
Texas Bar No. 24032598
djohnson@cowlesthompson.com
**Helen H. Emerson**
Texas Bar No. 24092556
hemerson@cowlesthompson.com
**COWLES & THOMPSON, P.C.**
901 Main Street, Suite 3900
Dallas, Texas 75202
(214) 672-2169 (Tel)
(214) 672-2369 (Fax)

**ATTORNEYS FOR DEFENDANT/THIRD-PARTY PLAINTIFF FROSTY'S DECKS & RAILS, INC.**

## CERTIFICATE OF SERVICE

The undersigned certifies that on the 27th day of July, 2021, a true and correct copy of the foregoing document was delivered via e-service to the counsel of record.

*/s/ Helen H. Emerson*
**HELEN H. EMERSON**